

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Christopher Fell*       *970 Broad Street, Suite 700*     *Direct Dial: 862-301-0068*
*Assistant United States Attorney*    *Newark, New Jersey 07102*

June 27, 2025

The Honorable Christine P. O'Hearn
United States District Judge
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

         Re:    United States v. Declan Golden
                 Crim. No. 25-349

Dear Judge O'Hearn:

     Please accept this letter brief in lieu of a more formal motion to revoke defendant Declan Golden's ("defendant") pre-trial release pursuant to Title 18, United States Code, Section 3148, and detain him until sentencing. As detailed below, the Government has recently learned that defendant violated his bail conditions by attending parties with children present whose parents were unaware of the current charges. For the reasons set forth below, the Government respectfully requests that the Court schedule a bail revocation hearing as soon as practicable and order that he be detained pending sentencing.

<u>The Charges and Terms of Release</u>

     On July 20, 2023, defendant was arrested based on a complaint charging him with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and advertising child pornography in violation of 2251(d)(1)(A). Complaint, ECF No. 1. As Your Honor is aware, on May 27, 2025, defendant pled guilty to an Information charging him with promoting child pornography in violation of Title 18, United States Code, Section 2252(a)(3)(B)(ii). ECF Nos. 48, 50. This charge carries a mandatory minimum sentence of 5 years' incarceration. Sentencing is currently scheduled for October 16, 2025.

Defendant was released on $100,000 unsecured bond to the third-party custody of his wife, Meghan Golden, who "agree[d] to supervise[] the defendant in accordance with all the conditions of release, . . . and to notify the court immediately in the event the defendant violates any conditions of release . . . ." Order Setting Conditions of Release, ECF No. 9 at 1. Meghan Golden signed the Conditions of Release. The Conditions of Release state that defendant is to "have no contact with minors unless in the presence of a parent or guardian who is aware of the present offense." *Id.* at 2. While the Court has entered a number of bail modifications, the Court has not entered any order allowing defendant to be present with minors without parents present who are aware of the charges.

Defendant's Violations of the Terms of Release

On June 26, 2025, an individual with young children ages 1, 5, and 7 in the defendant's community ("Individual-1") called the Federal Bureau of Investigation. Individual-1 reported that defendant attended parties and held parties at his home where children were present. Individual-1 and her children were present at a party at defendant's house on February 9, 2025 for the Super Bowl. In addition, on May 31, 2025, defendant attended a children's birthday party in a movie theater. A photo of defendant at the May 31st birthday party is attached to this letter as an exhibit. On an unknown date, defendant attended a birthday party for an adult where children were present. At the adult birthday, defendant apparently offered rides to children. Individual-1 was not aware of the current charges when defendant was present at these parties, and she does not believe that other parents were aware. Individual-1 noted that neither Meghan Golden nor defendant informed parents about the present charges.

On June 26, 2025, an agent with the Federal Bureau of Investigation spoke with Meghan Golden. Upon being asked about the above incidents, Meghan Golden stated that defendant attends their son's baseball games[1] so she did not understand why her husband could not be around children.

Revocation of Release

Under the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other

---

[1] According to defendant's Pretrial Officer, defendant requested that he be permitted to attend his son's baseball games. When defendant's conditions of release were converted from house arrest to a curfew, defendant's Pretrial Officer permitted him to attend the baseball games. There has been no order entered to this effect. Nevertheless, the terms of defendant's release still state that he is not to have contact with minors without guardians present who are aware of the charges.

2

person or the community if released under section 3142(b) or (c). 18 U.S.C. § 3143(a). Where, as here, if a defendant who has been found guilty and released pending sentencing pursuant to § 3142, has violated a condition of his release, that defendant is "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

Under § 3148(b), the "Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." The Court "shall enter an order of revocation and detention if, after a hearing," the Court finds that (i) there is "probable cause" to believe that the defendant committed a federal crime while on release or (ii) there is "clear and convincing evidence" that the defendant violated a condition of his release. *Id.* § 3148(b)(1). In addition, to order the defendant into detention, the Court must also find that (i) "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not . . . pose a danger to the safety of any other person or the community" and (ii) that "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2).

There is "clear and convincing evidence that [defendant] has violated any . . . condition of release." 18 U.S.C. § 3148(b)(1)(B). As noted above, defendant has been in the presence of minors on multiple occasions where their parents or guardians were unaware of the current charges. In addition, "there is no condition or combination of conditions of release that will assure" that defendant will not "pose a danger to the safety of any other person or the community." *Id.* § 3148(b)(2)(A). Defendant has also demonstrated that he is unlikely to abide by the conditions of release. *Id.* § 3148(b)(2)(B). The factors set forth in 18 U.S.C. § 3142(g) strongly support revocation of defendant's release. In short, the conduct at issue here shows that the Court should revoke defendant's release and order him detained pending sentencing.

Conclusion

      For the reasons stated above, the Government respectfully requests that the Court schedule a revocation hearing as soon as practicable and order that defendant be detained pending sentencing.

                                Respectfully submitted,

                                ALINA HABBA
                                United States Attorney

                    By:    */s/ Christopher Fell*
                                CHRISTOPHER FELL
                                Assistant U.S. Attorney

Enclosure

